## BELL *v.* THE STATE.

1. Where a juror upon his *voir dire* had answered that he was opposed to capital punishment in cases of extreme youth, and by consent of counsel for the accused was put upon the court as a trior, and then stated that he was not opposed to capital punishment, the court did not err in allowing counsel for the State, over objection, to interrogate him further, nor in setting him aside for cause, the juror finally explaining that he was conscientiously opposed to such punishment though it might be shown that the accused was over the age of fourteen.

2. The court having placed upon the State the burden of proving the capacity of the accused to commit crime, if in the opinion of the jury he was under fourteen years of age, and having charged thus: "You take all the facts proven by both sides in said case, and all the facts going to establish his age and development and mental capacity, his mental development, the facts and the transaction as they throw light upon it, what he did at the time and afterwards, whether immediately afterwards or days afterwards, everything introduced either for himself or against him, and determine intelligently for yourselves whether at the time of the alleged homicide this boy had reached that point where he knew the distinction between good and evil and was amenable to the

law. . . In trying the case you take all the evidence,"—a fair construction of the charge as a whole is, that the jury should look to all the evidence, and that they were not restricted on the question of capacity to evidence which related to the commission of the offence and subsequent events.

3. The court having charged the jury upon the general rule as to reasonable doubt, and that this rule applied "to every material proposition and point in the case," and that if the accused was under fourteen years of age they should acquit unless they should find beyond a reasonable doubt that he knew the distinction between good and evil sufficiently to enable him to understand the nature and consequences of his act, the denial of the defendant's requests was not error.

4. The evidence warranted the verdict.     *Judgment affirmed.*

October 12, 1892.

Before Judge MILLER. Bibb superior court. April term, 1892.

Bell was tried for the murder of Wilder, and was found guilty. When the case came on for trial, Jones, the second juror called on his *voir dire*, was asked by the solicitor-general if he were conscientiously opposed to capital punishment, to which Jones replied that he was opposed to capital punishment in cases of extreme youth, and thereupon the State proposed to put the juror on the court as a trior. Defendant's counsel objected to this, which objection was overruled, and then counsel for defendant withdrew any objection to the court or solicitor-general interrogating the juror. Thereupon the court permitted the solicitor-general to question the juror further, and the solicitor-general asked him if he were conscientiously opposed to capital punishment, to which the juror replied he was not. The solicitor-general then proceeded to ask him other questions, to which defendant's counsel objected upon the ground that the juror had qualified himself. The court, over the objection, permitted the solicitor-general to ask the juror the following questions and the juror to answer them: Q. "Explain what you mean by answering the question as first propounded to you." A. "I mean

where the youth is sufficient in my mind to preclude the necessity for capital punishment. According to my judgment, I should be in favor of imprisonment for life." Q. "Suppose, as a matter of law, that over the age of fourteen years all persons are regarded as competent to commit crime, and suppose it was shown the defendant was over fourteen years of age, and that was the only matter in the case, would you, under those circumstances, be opposed to capital punishment provided he was over fourteen and under fifteen years?" A. "I would be inclined to recommend him to mercy." Q. "Would you be conscientiously opposed to capital punishment or to hang him under those circumstances?" A. "I think I would; it is so near what I call youthful age, I think I would be conscientiously opposed to it." Thereupon the court stood the juror aside for cause, over defendant's objection. Exceptions were taken to this ruling, and to the refusal of a new trial. Beside the general grounds, it was alleged that the portion of the court's charge set forth in the second head-note was erroneous, because it placed prominently before the jury the conduct of defendant at the time of the homicide and afterwards, and did not give equal prominence and detail to what he did before the homicide, as illustrative of his development and mental capacity; and because it was calculated to impress the jury with the idea that they were to look at the homicide and the facts connected with it, as throwing more light upon the mental capacity of the defendant than any other circumstance in the case.

Error was assigned on refusals to charge thus:

"The defendant in this case insists that at the time of the alleged commission of the crime charged, he was under fourteen years of age. This the State denies and insists that he was over fourteen years of age. Now I charge you that if, after a consideration of the evi-

v 91-2

dence in this case, there should be any reasonable doubt upon your minds, growing out of the evidence or want of the evidence, as to the age of the defendant at the time of the alleged commission of the offence with which he stands charged, then it would be your duty to give the defendant the benefit of such doubt and to fix his age under fourteen years.

"Before the jury can find that this defendant had that knowledge of the distinction between good and evil, which is required under the laws of Georgia to make him criminally responsible for the commission of the alleged offence of which he stands charged, you must be satisfied beyond any reasonable doubt, that the defendant understood the nature and the consequence of the crime charged against him, provided the jury shall determine from the evidence that he was under fourteen years of age at the time of the alleged commission of the crime with which he stands charged.

"In order for the State to show that the defendant knew good from evil, evidence must be submitted for your consideration which shall support and clearly prove such knowledge. The fact of the homicide is not of itself sufficient, nor is the proof of flight sufficient." This request to charge was given in connection with the other requests to charge upon the age of the defendant,. his age being one of the issues in the case.

W. Dessau, M. D. Jones and W. J. Grace, for plaintiff in error.

W. A. Little, attorney-general, and W. H. Felton, Jr., solicitor-general, by John L. Hardeman, *contra.*