WILLINGHAM *v.* THE STATE.

144

No. 6911. MAY 15, 1929. ADHERED TO ON REHEARING, SEPTEMBER 27, 1929.

*Shackelford & Shackelford,* for plaintiff in error.

*George M. Napier, attorney-general, Henry H. West, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

BECK, P. J. Robert Willingham was tried under an indictment charging him with the murder of his wife, Dora Willingham. The jury returned a verdict of guilty, with a recommendation. The defendant made a motion for a new trial, which was overruled by the court, and the defendant excepted. The original motion for new trial consists of the usual general grounds; and this was afterwards amended, the amendment containing numerous grounds with special assignments of error.

■ The first ground of the amendment contains an assignment of error upon a ruling of the court holding certain jurors incompetent and setting these jurors aside. The jurors referred to in answer to the voir dire question, "Are you conscientiously opposed to capital punishment?" answered, "I am, if it is a case of circumstantial evidence. I am opposed to capital punishment on circumstantial evidence." The court then inquired of the solicitor-general, "Is this a case in which the State relies for a conviction upon circumstantial evidence?," to which the solicitor-general replied, "Yes, the evidence is partly circumstantial;" and then the jurors giving the answer to the voir dire question above stated were excused. This was not error, especially in view of the fact that the evidence upon which the State relied to establish the guilt of the accused was circumstantial. There was no eye-witness, the defendant contending that in the struggle for a pistol which was

**146**

held in the hand of his wife the weapon was accidently discharged, thereby inflicting the mortal wound which resulted in the death of his wife. *Smith* v. *State,* 146 *Ga.* 76 (90 S. E. 713) ; *Bell* v. *State,* 91 *Ga.* 15 (16 S. E. 207).

■ The court was duly requested in writing to charge as follows : "The fact that one who is accused of a crime stands his ground, and does not flee, is very doubtful and equivocal evidence of his innocence, and our courts have held that such evidence is not admissible. And so when one accused of crime absents himself or flees to avoid arrest, it is only a circumstance that may be considered along with any other fact in the case, in determining the guilt or innocence of the accused. The accused may explain his alleged flight. He may show that he left for other reasons, and not from a consciousness of guilt. The jury may accept this explanation; and if they come to the conclusion that the flight was not *immediately* after the commission of the alleged crime, but that the accused absented himself several days later, then the jury should draw no inference of guilt, and there should be no presumption of guilt against the accused on account of the alleged flight. Flight, at most, is only a circumstance which may be weighed by the jury, in connection with other circumstances, to determine guilt, and is of itself no such circumstance as authorizes the jury to presume guilt." The court refused to give this in charge as written. The refusal was not error. The requested charge practically excluded the consideration of flight, unless it took place "immediately after the commission of the alleged crime." The judge, on the subject of flight, actually charged the jury as follows : "Flight, if any, and similar acts, if proved, from which an inference of consciousness of guilt may be drawn, may be considered by the jury. But flight is subject to explanation. The weight to be given it, or whether the jury will draw an inference of consciousness of guilt or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if any, was due to a sense of guilt or to other reasons. If from other reasons, no inference hurtful to the defendant must be drawn by the jury."

In the next ground error is assigned upon the refusal of the court to give the following in charge, upon the subject of flight : "The State in this case has been allowed to introduce evidence on the question of flight. As to flight I charge you as follows : If

immediately after a crime has been committed the person accused or charged to be connected therewith flees from the scene of the crime, and avoids arrest when sought to be apprehended, such immediate flight is presumed to be from a consciousness of guilt, and may be introduced in evidence as a circumstance of guilt to be considered by the jury along with all the other circumstances and evidence in the case. The flight which the law considers as having evidentiary value is immediate flight, that flight which follows from a consciousness of guilt. It is the theory of the law that this immediate flight is in a way involuntary, and that a guilty conscience is the motive power that drives the perpetrator of the crime from the scene of the crime. I charge you that if the accused in this case did not immediately flee from the scene of the crime, but remained here in Athens, on the streets, talking to friends and relatives, for ten days or two weeks after the death of his wife, and did not leave Athens until some relative of his dead wife offered a reward or swore out a warrant for his arrest, then in that event no inference of guilt could be drawn by the jury from the fact that he then left Athens and went to his brother's home in Detroit. This would not be the flight contemplated by the law, and the jury could not consider such evidence of flight. A guilty flight must be an immediate flight, one impelled by consciousness of guilt." For the reasons stated for holding that it was not error to refuse the request to charge as set forth in the preceding ground of the motion, it was not error to refuse to give the request last quoted. Besides, the request last referred to is argumentative.

In the next ground error is assigned upon a refusal of a request to give the following in charge. "(1) As there were no eyewitnesses to the killing, the State in this case relies upon circumstantial evidence to make out its case. The defendant contends, under his plea of not guilty, that the killing of his wife was an accident; that his wife had a pistol in her hand, which he endeavored to take from her, and that in the scuffle which ensued the pistol was discharged while in his wife's hand, and fell from her hand to the floor; that the bullet from the pistol discharged while in his wife's hand entered her brain and killed her; that the killing was an accident, not punishable under the law. This is the defense, the contention, the theory of the defendant. The State in its indictment charges that the defendant wilfully and feloniously shot and killed

his wife with malice aforethought. The State contends that the defendant shot and killed his wife on purpose, and that it was not an accident. (2) I charge you, gentlemen, that where, out of the evidence in a criminal case of this character there naturally arises two theories, both supported by evidence, one theory or charge of guilt, and one theory or claim of innocence, it is the duty of the jury to accept the theory of innocence, although supported by weaker and less satisfactory evidence than the evidence adduced to sustain the charge of guilt. Has the theory or claim of accident been supported by any facts and circumstances in this case? That is the question. If so, then it would be the duty of the jury to accept this theory or defense and acquit the defendant. The defendant presents and stands upon the defense that the killing was an accident, and that that is another reasonable hypothesis, a proved explanation, consistent with the innocence of the accused. I charge you, that, to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." The request, taken as a whole, is argumentative; and in part it is not a correct statement of the law, especially in that paragraph where the court is requested to charge as follows: "Has the theory or claim of accident been supported by any facts and circumstances in this case? That is the question. If so, then it would be the duty of the jury to accept this theory or defense and acquit the defendant." The jury should not have been instructed that if there were "any facts and circumstances in this case supporting the theory of accident, it would be the duty of the jury to accept this theory and acquit the defendant." And so far as the first division of this request to charge is concerned, the judge did charge that if the homicide was the result of an accident the defendant should be acquitted. The request to charge, while marked (1) and (2), is treated in the motion as a single charge, and is not separated, the exception being in this language: "The court erred in refusing to give the following written request to charge."

■ ▇ In the next ground error is assigned upon the failure of the court to state more particularly the contentions of the defendant. The court stated the contentions of the State by repeating the recitals contained in the bill of indictment, and then added: "To

this indictment the defendant has entered a plea of not guilty, and this makes the issue which you gentlemen are to try." It is contended that the court erred in not stating the defense and the contentions of the defendant, to wit: "That he and his wife had agreed to drive Ed Jones and his wife home in defendant's automobile; that when they were about to start the key to the car was not in the lock, and that his wife said that she did not have it, that perhaps it was in the other room on the dresser; that they both went into that room to find it; that he carried his flashlight along; that after the key was found he went into the kitchen to get a pistol belonging to her; that she always kept it there in a basket; that his wife ran to the basket first and got the pistol and said, 'No, you are not going to take the pistol with you, you have got no use for it, and you might get in trouble up town;' that defendant still had the flashlight in his right hand, and he took hold of the hand of his wife, she holding the pistol, and that he pulled her arm or hand down scuffling to get the pistol from her, and that while it was in her hand the pistol fired; that he did not touch it, and still held the flashlight in his hand; that the ball entered under her cheek bone and ranged up to the top of her head, and that she fell and died almost instantly; and that the killing was an accident." The instruction given by the court as to the contentions of the parties was a correct statement of the contentions, as far as it went. It is the statement that is usual in the trial of criminal cases; and the court did not err in not making the lengthy statement of facts in the language just set forth, as the plaintiff in error contends the court should have done; certainly not in the absence of a request to charge in that language.

 The rulings stated in headnotes 4 to 15 inclusive, require no elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

### ON REHEARING.

A rehearing of this case was granted upon motion of plaintiff in error. After consideration of the application, the judgment as at first rendered is adhered to; but another headnote, the 10th, has been added, wherein a distinct ruling is made upon the exception contained in the motion for a new trial assigning error upon the court's failure to charge the law of involuntary manslaughter.