REED *v.* THE STATE.

No. 14468.   MARCH 11, 1943.

*Sidney T. Schell,* for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham* and *L. C. Groves, assistant attorney-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The accused presents one special ground of motion for new trial. He claims that the court erred in not charging to the jury the law of mutual combat as related to the law of voluntary manslaughter. In support of this he specifies certain testimony which he claims required the court to charge this rule of law. The evidence relied upon was the testimony of Blanton Allen and his wife, Lena Allen. They testified that between twelve and one o'clock on the night of the homicide Mose Maloy came to their house. Blanton Allen's testimony was: "He [Mose Maloy] came to my house. He wanted a shotgun or a pistol, one or the two. I did not loan him a shotgun or a pistol at that time. He tried to get me to get him a shotgun or a pistol. I told him he didn't need nary one, and I tried to make him go home." Lena Allen's testimony was: "He [Mose Maloy] asked my husband for his pistol. . . He told me he wanted the pistol for protection. As to whether he said who he wanted the protection from—he said that he was in an argument, and that he wanted this gun where he was going back for protection, said, because he was looking for the fellow to come to [in?] with a gun or something. He said he had a good knife, but he figured that he couldn't get up on him and cut him with a knife. He did not say who the fellow was, but he told my husband that it was at 571. I did not hear him state who the fellow was that might come back with a gun. He didn't call his name."

The defense was that the accused did not intentionally kill Minnie Thomas, but she was shot when he was shooting at Mose

Maloy; and the accused insists that the testimony above quoted was evidence that showed an intent to fight on the part of Mose Maloy, which entitled him under the law to a charge on the law of mutual combat as related to voluntary manslaughter. The court fully charged the law on the subject of the killing of a bystander as a result of a shot fired intentionally at another person; but did not charge the law of mutual combat as related to voluntary manslaughter, covering any mutual combat between Mose Maloy and accused. The exception therefore resolves itself into the question whether the evidence of Blanton Allen and Lena Allen, quoted above, was sufficient to require the court to charge upon this subject. The statement of accused relating facts that constituted mutual combat would not be sufficient to require the court so to charge, in the absence of a proper request therefor. See *Ragland* v. *State,* 111 *Ga.* 211 (36 S. E. 682); *Hardin* v. *State,* 107 *Ga.* 718 (33 S. E. 700); *Willingham* v. *State,* 169 *Ga.* 142 (149 S. E. 887); *Powell* v. *State,* 170 *Ga.* 401 (176 S. E. 29).

The most favorable construction for the accused that could be placed upon this testimony is that Mose Maloy, after the beginning of the quarrel, left the place, and went to the house of the above witnesses and tried to borrow a gun or a pistol, and that he intended to return to the house where the trouble was going on. The only declaration made, as to why he wanted a gun or pistol, showed that he wanted it for the purpose of "protection." This would not be sufficient evidence to authorize the court to charge upon the subject of mutual combat. There was no evidence that this effort to procure a pistol or gun was ever communicated to the accused, nor was there anything to show that Mose Maloy's desire to arm himself was for any purpose other than for his own protection. See *Cone* v. *State,* 193 *Ga.* 420 (18 S. E. 2d, 850), and cit.

The evidence was sufficient to support the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*