## 53324. HOOKER v. THE STATE.

BELL, Chief Judge.

Defendant, charged with murder, aggravated assault and theft of a motor vehicle, was convicted only of voluntary manslaughter. *Held:*

1. The admission of evidence of an earlier threat by defendant to do bodily harm to the homicide victim was not error as it was relevant to the issue of motive of defendant. *Evans v. State,* 227 Ga. 571, 577 (181 SE2d 845). The fact that the witness who gave this testimony could not state when this threat occurred would only affect its weight but not its admissibility. *Willingham v. State,* 169 Ga. 142 (5) (149 SE 887).

2. The defendant claims that the district attorney engaged in improper prosecutorial methods at trial and as a result he was denied due process. While defendant in his brief states that the record is "replete" with improper conduct by the district attorney, he cites only three instances. First, while on cross examination, defendant was asked whether he and the victim had ceased living together in 1973 because defendant had inflicted a beating on her. The question was objected to and overruled and defendant answered in the negative. This was proper cross examination for defendant on direct examination had testified that they had separated because of "a little misunderstanding. . ." Secondly, and on further cross examination, defendant answered questions, to which no objection was made, as to whether he had been arrested for committing simple battery on his alleged victim and in answering he also volunteered that the homicide victim had obtained a warrant for his arrest

for child abandonment. Any error in this regard was either waived by failure to object or self-induced by defendant. Lastly, a defense character witness on cross examination was questioned as to whether the witness' opinion of defendant would be the same if defendant had been convicted of assault with intent to commit murder and assault and battery. Objection was made, sustained, and the jury was instructed to disregard this testimony. No motion for mistrial was made. Accordingly, none of the cited instances gives any basis for reversal of the judgment of conviction and sentence, either individually or collectively.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted January 19, 1977 — Decided February 3, 1977 — Rehearing denied March 1, 1977 — ▮▮▮▮▮▮▮▮▮

*J. Hue Henry,* for appellant.
*Ben Miller, District Attorney,* for appellee.