## 53247. DUDLEY v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals from his conviction for robbery by intimidation. *Held:*

1. It is contended that the trial judge erred in not declaring a mistrial when Officer Davis testified that another detective, Officer Evans, was familiar with the defendant because this was prejudicial and placed the defendant's character into evidence.

In response to a question, Officer Davis stated "at the time Detective Evans was familiar with Jimmy Dudley [the defendant], which at that time. . ." At that point, defendant's attorney objected to the answer as being prejudicial and irrelevant and the trial judge sustained the objection. The defendant's attorney then moved for a mistrial and after considerable colloquy, out of the presence of the jury, the trial judge overruled the motion.

*James v. State,* 223 Ga. 677, 686 (11) (157 SE2d 471) is controlling as to the issue here presented. There a policeman stated that he knew the defendant prior to the homicide and it was asserted that this testimony injected the defendant's character as an issue in the case. The court held: "When this testimony was introduced, counsel for the defendant objected to it as being irrelevant, and the judge sustained the objection. The testimony did not place the defendant's character in issue, and there was no error in denying the motion for mistrial." Accord, *Crumley v. State,* 135 Ga. App. 394, 396 (217 SE2d 464); *Williams v.*

*State,* 135 Ga. App. 919, 920 (219 SE2d 632). There is no merit to this enumeration of error.

2. The defendant argues that the trial judge erred in allowing a police officer to testify that when he arrested the defendant two weeks after the commission of the crime that the defendant had in his possession a wig and a cap pistol, on the grounds that this was irrelevant and prejudicial. The testimony in question arose when the state attempted to introduce evidence explaining why the defendant apparently had less hair than the description given by the victim at the time of the crime. The officer testified with regard to the defendant "in his right rear pocket he had a wig and in his left pocket he had a plastic cap pistol, this wig was black in color."

Even when evidence introduced tends to show another criminal transaction, it is admissible "to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof." *Spurlin v. State,* 228 Ga. 2, 5 (183 SE2d 765). In *Cauley v. State,* 137 Ga. App. 814 (3) (224 SE2d 794), we held that it was not error to admit a pistol found in a defendant's car at the time of his apprehension. "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae." *Mills v. State,* 236 Ga. 365 (2) (223 SE2d 725); *Shouse v. State,* 231 Ga. 716 (8) (203 SE2d 537).

In this case the evidence offered did not tend to show the commission of another crime and therefore it was properly admitted under the rule that "where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury." *Green v. State,* 112 Ga. App. 329, 331 (145 SE2d 80).

3. It is finally argued that the court erred in allowing the state to cross examine the defendant by asking him why all of his witnesses took until the trial date to tell about the defendant's presence with them at the time of the robbery. As the transcript reveals, the defendant answered this question by stating "I don't know."

It is a well established principle of law that a prosecuting attorney has a right "to a thorough and sifting cross-examination of defendant's witnesses, including matters touching on their credibility."

*Bramblett v. State,* 139 Ga. App. 745, 750 (229 SE2d 484). Prior to the examination of this witness, the other defendants' witnesses had been cross examined, unobjected to, regarding this same matter. There was no error in the overruling of the present objection.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 4, 1977 — REHEARING DENIED FEBRUARY 28, 1977.

*Robert Bearden,* for appellant.

*Walker P. Johnson, Jr., District Attorney, W. Louis Sands, Assistant District Attorney,* for appellee.