## 55347. ELLIS v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of the misdemeanor offense of abandonment of his minor child.

1. The first enumeration of error contends that the evidence was not sufficient to sustain the state's burden of proving the defendant's guilt beyond a reasonable doubt. We disagree.

Although there was some conflict in the testimony, the evidence amply supported the verdict.

"On appeal, in criminal as well as civil cases, this court applies the 'any evidence' rule. There being

evidence to sustain the conviction, the judgment of the lower court as to the guilt of the defendant will be affirmed. [Cits.]" *Crowley v. State,* 141 Ga. App. 867, 869 (234 SE2d 700).

2. Defendant, testifying on direct examination, stated ". . . that was the first time I had been to the courthouse, I guess." On cross examination, the prosecuting attorney asked: "Q. Are you telling me that the first time was Melanie and this time are the only two times you ever been in Court?" "A. Oh, no I got a case here on manslaughter and aggravated assault."

Defendant enumerates error on the overruling of his motion for mistrial alleging that the state had placed his character in issue by purposefully eliciting testimony concerning his prior criminal charges. "In our opinion the response of the appellant to the question on cross examination was not limited to the question asked but he volunteered the complained of evidence of his character. Under these circumstances, this court will not reverse the conviction. Compare *Brand v. Wofford,* 230 Ga. 750 (8) (199 SE2d 231)." *Jackson v. State,* 231 Ga. 664, 665 (203 SE2d 535).

The question asked was, "Are you telling me . . .?" Defendant's negative answer was responsive; the remainder of his statement was voluntary and non-responsive. As to the propriety of the question itself, see *Clanton v. State,* 137 Ga. App. 376 (2) (224 SE2d 58). If there was any error in this regard, it was self-induced. *Hooker v. State,* 141 Ga. App. 475 (2) (233 SE2d 803).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 31, 1978 — DECIDED APRIL 11, 1978.

*J. H. Affleck, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.