## 57441. JOHNSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of a burglary of Suwanee Elementary School in Gwinnett County. Defendant appeals, contending that the verdict is not supported by the evidence in the case, that the trial court erred in admitting hearsay testimony into evidence and that the trial court erred in allowing the assistant district attorney to cross examine him in regard to past accusations against defendant. *Held:*

1. The state's evidence was that on the morning of September 14, 1977, persons employed at Suwanee Elementary School discovered that the school had been broken into during the night and that equipment including a typewriter, tape recorder, 16 mm projector, movie screen and other equipment was missing from the school. Investigating police discovered a possible point of

entry at a partially opened basement window and footprints leading to and away from the school across an athletic field to a creek where the missing movie screen was found and thence across the creek through a pine thicket to an area where a car had been parked.

Due to information received from one or more juveniles the defendant became a suspect in the case. The police proceeded to defendant's home where they found a white and green Rambler automobile parked in a church parking lot next to defendant's home. There was a great deal of residue (dust) on the Rambler indicating that it had been parked there for a long time and from the tracks in the dirt and clay of the parking lot it appeared that another vehicle had been backed near the Rambler and something transferred to the trunk of the Rambler. From the tracks it appeared that the left rear tire of the car which had been backed near the Rambler was slick approximately 1 1/2" on the outside and 1 1/2" on the inside area of the tread. Police followed the tire tracks from the area near the rear of the Rambler up the street to the car of the defendant. The left rear tire of defendant's car was slick similar to that of the track left near the rear of the Rambler. The Rambler was subsequently impounded and searched with the permission of the owner. The missing items from the school were found in the trunk of the Rambler. The evidence is sufficient to support the verdict.

2. Defendant's enumerations of error 5 and 6 complain of hearsay testimony which was admitted for the purpose of explaining the conduct of the police in their investigation, and the trial court explicitly limited the testimony to that purpose, and admonished the jury that the testimony was not presented for the truth or falsity of any such statement that might be given. The evidence in question which is otherwise hearsay was offered and admitted for the purpose of explaining conduct, and therefore, becomes original evidence for that purpose. The hearsay objection is not meritorious. Code § 38-302; *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536).

3. Defendant testified on direct examination that he had never been convicted of any crime and that he had been charged only one time with trying to steal a billygoat

and, "they didn't press no charges [when] they found who got the goat." On cross examination the assistant district attorney cross examined the defendant as to other criminal charges which had been brought against him in the past. There was no error in allowing the assistant district attorney to seek to impeach the defendant's testimony that he had been charged only once by inquiry as to other past criminal charges. The inquiries were not for the purpose of rebutting defendant's assertion of good character but were for the purpose of impeachment by showing a lack of truthfulness in defendant's testimony. *Barrett v. State,* 140 Ga. App. 309 (2) (231 SE2d 116); *Ellis v. State,* 145 Ga. App. 656, 657 (2) (244 SE2d 607).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED APRIL 9, 1979 — REHEARING DENIED MAY 3, 1979 — 

*Glyndon C. Pruitt,* for appellant.
*Bryant Huff, District Attorney, Dawson Jackson, William P. Rowe, III, Malcolm C. McArthur, Assistant District Attorneys,* for appellee.