## 59381. WILLIAMS v. THE STATE.

Birdsong, Judge.

George H. Williams, III was convicted of the misdemeanor of tampering with an electric meter regulating and measuring the flow of electric current into his home. The facts show that Williams was a police officer on the force of the City of Acworth. As a police officer, Williams had investigated similar cases involving meter tampering. The meter in question was the property of the City of Marietta. The City of Marietta utilized three seals on their meters, orange-colored to indicate a meter in proper use, white to indicate that the past user had terminated service because of moving or other reason, and red to show that the meter was inactive (i. e., had been turned off) because of nonpayment of electric bill. The City of Acworth also utilized seals but it used a red seal to indicate a meter in proper use. It was not difficult for one to come into possession of a seal from Acworth and in fact they were often used as key rings. It was shown that the official in charge of the electric service of the City of Acworth had come into possession of a pamphlet showing by diagram and written description how electrical service

could be disrupted or distorted by use of various types of devices attached to the meter or jamming of the meter. A copy of this pamphlet had been given to the Chief of Police of the City of Acworth.

In May, 1978, a meter reader for the City of Marietta, observed that the meter at the home of Williams had upon it a red seal (apparently coming from the City of Acworth). This indicated to the reader, who accepted it as a Marietta seal, that the meter should have been turned off for nonpayment of bill; yet the meter was obviously running. In accordance with established procedure, the reader filled out a standard card noting the discrepancy and turned the card in to his supervisor. The supervisor went to Williams' home and after informing Williams of the discrepancy, removed the meter and took it to the area where meters were examined. The investigation disclosed that the meter had had the cover removed and two cables attached to the circuit so that at least half of the current going into the house did not pass through the meter for recordation. A red seal from the City of Acworth had replaced the Marietta seal. The supervisor whose responsibility was to investigate meter tampering cases and who had investigated hundreds of such cases had never seen such a sophisticated by-pass procedure utilized. The pamphlet which had been given to the Chief of Police of Acworth described a similar procedure. Though the witnesses could not state with any degree of accuracy the amount of electricity being used or how long the cables had been in use, based upon the history of electric power use at the Williams' home, it was concluded that the by-pass had been in use only for a month or two. After a trial before a jury, the jury returned a verdict of guilty.

Williams brings this appeal enumerating as error the admission into evidence of the card prepared by the meter reader showing that he had discovered a meter that should have been in non-use for delinquent payment of electric bill (evidenced by the attachment to the meter of a red seal); the admission of the meter and red seal itself because of a break in chain of custody; a copy of the listing of monthly billings for electric service to the Williams' home; and the copy of the pamphlet because there was no

showing that Williams was ever in possession thereof. In his last enumeration, Williams complained that the trial court erred in denying his motion for directed verdict of acquittal because the evidence did not show that Williams intentionally tampered with the meter with intent to prevent the meter from registering properly or to divert any services. *Held:*

1. Questions of the relevancy of evidence are for the court. *Hotchkiss v. Newton,* 10 Ga. 560. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860). That the testimony objected to falls short of proving the fact sought to be established, is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385). As was further stated in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643): "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." See *Harris v. State,* 142 Ga. App. 37, 41 (7) (234 SE2d 798); *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225).

In this case, we have no hesitancy in concluding the state established that the card prepared by the meter reader was prepared in the regular course of business and thus was admissible on its own merits. See *Bramblett v. State,* 139 Ga. App. 745, 749 (229 SE2d 484); *Pickett v. State,* 123 Ga. App. 1 (2) (179 SE2d 303). The meter itself with the seal attached was identified by the supervisor as being unique and having an individualized serial number. Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891); *Hayes v. State,* 138 Ga. App. 223, 225 (225 SE2d 749). Moreover, we conclude that there was sufficient connection between the pamphlet,

the appellant, and the unique way in which the meter had been modified, to warrant the trial court in admitting the pamphlet. Circumstantially, the pamphlet shed light on how a police officer might be aware of how to make so sophisticated a modification to an electric meter. Where the relevancy or competence of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Guy v. State,* 138 Ga. App. 11, 13 (225 SE2d 492). The same observation can be made about the card prepared by the supervisor to show the monthly amounts of electricity used by Williams over the past several years. There was no objection made to the testimony and indeed the appellant himself adduced further testimony based upon the information contained upon the card. The admission of the document was thus cumulative to the oral testimony showing the monthly billings for electrical service. No objection being made to the oral testimony which established the billings for the months directly in contention, there could hardly be any prejudice resulting from the cumulative evidence contained on the document. See *Crosswell v. Arten Const. Co.,* 152 Ga. App. 162, 165 (262 SE2d 522); *Holmes v. State,* 148 Ga. App. 817 (1) (253 SE2d 237).

Having examined the admissibility of each of the questioned pieces of real evidence, and considering that each of the parties utilized the evidence and elicited substantial testimony concerning each without objection being entered as to the oral testimony, we find no error in the admission of each over the objection of the appellant.

2. In his second enumeration of error, appellant complains that the trial court erred in refusing to direct a verdict of acquittal because the state had not proved beyond a reasonable doubt that Williams had intentionally modified the meter in question, nor excluded the possibility that because Williams was a police officer, someone had "framed" him. To set aside a conviction, it is not sufficient that the circumstantial evidence show that the act might possibly have been done by someone else. *Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90). The evidence need only exclude every reasonable hypothesis save the guilt of the accused, which is primarily a question for determination by the jury.

*Workman v. State,* 137 Ga. App. 746 (1) (224 SE2d 757). Under the facts of this case, the jury was authorized by the evidence to find Williams guilty; thus we, as an appellate court, are not inclined to disturb the verdict of the jury. *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263). While the verdict was not demanded, we are satisfied that the quantum and quality of evidence was sufficient to satisfy any rational trier of fact of the guilt of the appellant beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED MARCH 13, 1980.

*Irvan A. Pearlberg,* for appellant.
*Herbert A. Rivers, Solicitor, Charles C. Clay, Assistant Solicitor,* for appellee.