38042. McCORD v. THE STATE.

WELTNER, Justice.

Albert C. McCord was convicted by a jury of the offense of child molestation and sentenced to the penitentiary. He appeals to this court, challenging the constitutionality of Code Ann. § 26-2019, and setting forth other enumerations of error.

The statute in question provides: "A person commits child molestation when he does any immoral or indecent act to or in the

presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Ga. L. 1968, pp. 1249, 1302; Code Ann. § 26-2019. McCord contends that the term "any immoral or indecent act" is so vague and indefinite that it fails to give to a person of ordinary intelligence fair notice of forbidden conduct.

We disagree. "It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law. *Hayes v. State,* 11 Ga. App. 371 (75 SE 523) [1912]." *City of Atlanta v. Southern R. Co.,* 213 Ga. 736, 738 (101 SE2d 707) (1958). The inclusion in a criminal statute of the term "indecent condition or act" has withstood prior assault. *Scarborough v. State,* 231 Ga. 7 (200 SE2d 115) (1973). The phrase "any immoral or indecent act" in conjunction with the requisite element of the offense that the act be committed "with the intent to arouse or satisfy the sexual desires of either the child or the person" is sufficiently definite. "We find [the statute] to be definite and certain in its meaning. Men of common intelligence would not differ as to the application of its provisions." *Anderson v. Little &c. Funeral Home,* 242 Ga. 751, 753 (251 SE2d 250) (1978).

McCord next contends that the State failed to prove venue and failed to prove that the offense was committed within four years of the return of the indictment. Venue may be proved by circumstantial evidence. *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402) (1973). From the testimony that McCord's barn was in Douglas County, and that the acts complained of took place there, the jury reasonably could infer venue in Douglas County. Similarly, while the evidence does not contain a precise or an approximate date of the event, it showed that McCord's barn was built in 1977, which is of necessity within four years of the return of the indictment on November 18, 1980. These enumerations are without merit.

Finally, McCord contends that the trial court erred in refusing to give his requested charge that simple battery is a lesser included offense of child molestation.

The case of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), cert. denied, 429 U. S. 833 (1976), while principally known for other precepts, arose upon a conviction of child molestation. The Court of Appeals, in Division 3, found that the failure of the trial court to charge simple battery as a lesser included offense was error. *Stonaker v. State,* 134 Ga. App. 123 (213 SE2d 506) (1975). On certiorari, we held: "Under the facts of this case we hold that simple battery as defined in Chap. 26-13 of the Criminal Code of Georgia is not a lesser

crime included in the crime of child molestation as defined in Chapter 26-20 (Sexual Offenses) of the Criminal Code of Georgia." *Stonaker,* supra, 236 Ga. at 2. The facts of *Stonaker* as set out in the Court of Appeals opinion are indistinguishable from those before us. This enumeration also is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1982.

*Tinsley & Emerson, William C. Tinsley II,* for appellant.

*W. A. Foster III, District Attorney, Penny Udolf, Assistant District Attorney,* for appellee.