### 68541. HOWELL et al. v. THE STATE.
(324 SE2d 754)

SOGNIER, Judge.

Jake Howell and his foster daughter, Cindy Howell, appeal their conviction of two counts of child molestation and two counts of enticing a child for indecent purposes.

1. Appellants contend the trial court erred by denying their motion to suppress evidence obtained in a search of the Howell residence after they were arrested. At a hearing on this motion, evidence was presented that after the Howells were arrested at their residence, a "waiver of constitutional rights to a search warrant" form was read to Jake Howell, who also read the form himself. Jake Howell then signed the form consenting to a search without a warrant. The form also stated that Howell consented voluntarily and without threats or promises of any kind. Since this was the only evidence presented at the hearing, the evidence fully supports the trial court's finding that the search was conducted with the voluntary consent of Jake Howell. Although appellants argue that Jake Howell was surrounded by an "army" of law enforcement officers and, thus, his consent was not given freely and voluntarily, our Supreme Court has held the fact that a defendant's house is surrounded by police does not ipso facto require a finding of coercion. *Code v. State*, 234 Ga. 90, 94 (III) (214 SE2d 873) (1975). In the instant case there is absolutely no evidence that Jake Howell's consent was the product of coercion, duress or deceit. A trial court's decision on questions of fact at a suppression hearing must be accepted unless clearly erroneous, *Pittman v. State*, 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982), and we find no error here.

2. Appellants contend the trial court erred by overruling their demurrer to Counts 2 and 3 of the indictment; these counts alleged the offenses of enticing a child for indecent purposes. Appellants argue that the phrase "indecent acts" used in OCGA § 16-6-5 is overbroad, in violation of the due process clauses of the Georgia and United States Constitutions. This contention has been decided adversely to appellant in *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982), where it was held that the phrase "any immoral or indecent act" used in the child molestation statute (OCGA § 16-6-4) was not so vague as to violate due process of law. See also Justice Weltner's dissenting opinion in *Roemhild v. State*, 251 Ga. 569, 575 (308 SE2d 154) (1983). It follows that the same phrase used in the statute making enticing a child for indecent purposes a crime would

not be so vague as to violate due process of law. Due process requires that a criminal statute be sufficiently defined so that persons of common intelligence may recognize its prohibition and conduct themselves so as to avoid that which is forbidden. *Sabel v. State*, 250 Ga. 640, 641 (1) (300 SE2d 663) (1983). We find that persons of common intelligence would not differ as to application of the statute in regard to the meaning of "indecent acts" committed on a child.

3. a. Appellant contends the trial court erred by admitting, over objection, the testimony of Rene Irwin. She testified that she and her husband had four daughters and rented a trailer from Jake Howell. He informed the Irwins he was glad they had girls because he would not rent his trailer to people with boys. After four weeks Jake Howell informed the Irwins they would have to move, as their daughters did not show him (Jake) enough affection, did not like him enough and did not come to see him in his trailer every day after school. Appellant argues that such testimony was irrelevant and prejudicial to appellant Jake Howell because it indicated that he was a sexual deviate with respect to female children.

The testimony was offered by the State to show Jake Howell's bent of mind in regard to expecting young girls to be affectionate with him. Although the relevancy of the testimony might be questionable, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Dudley v. State*, 141 Ga. App. 431, 432 (2) (233 SE2d 805) (1977).

b. Appellant contends the trial court erred by admitting evidence of appellant Jake Howell's prior convictions after the prosecuting attorney illegally caused Jake Howell to put his character in issue. This enumeration is not supported by the transcript, which shows that in response to a question on cross-examination as to whether all of the (prosecution) witnesses were lying, Jake Howell stated he would not commit any illegal or immoral act, and that he and his family were Christian-type people. The responses of Jake Howell to the questions on cross-examination were not limited to the questions asked; instead, the complained of evidence of his character was volunteered by him. Under such circumstances this court will not reverse the conviction. *Ellis v. State*, 145 Ga. App. 656, 657 (2) (244 SE2d 607) (1978).

4. a. Appellants contend it was error to exclude a card written by one of the victims to appellants that said: "To Jake & Cindy & Marie from [victim's name] for being nice people." The card was offered as going to the victim/witness' credibility, and was excluded on the ground that it was not relevant to any issue in the case. Appellant argues that the victim's testimony as to acts committed by appellants, if believed, could only be acts of persons with depraved minds, and painted appellants as bad people.

Questions of the relevancy of evidence are for the court. *Williams*

*v. State*, 153 Ga. App. 890, 892 (1) (267 SE2d 305) (1980). The fact that the evidence falls short of proving the fact sought to be established is not sufficient, of itself, to exclude it, provided the evidence, alone or in conjunction with other evidence, tends to prove the matter in issue. Id. In the instant case we do not believe a card thanking appellants for being nice people goes to the credibility of the victim who sent the card, or to any other matter in issue. This victim had not testified that appellants were bad people, or that she did not like them. In fact, the victim continued visiting appellants until the parents of the victims discovered what was going on at the Howell residence. Thus, we find no error in excluding the note from evidence. Even assuming, for the sake of argument only, that it was error to exclude the note, such error was harmless, because the evidence of appellants' guilt was overwhelming. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977).

b. Lastly, appellants contend error in limiting testimony of a defense witness. In this regard one of the victims testified she never told Patricia Miller that someone other than appellants had done bad things to her (the victim). Appellants made an offer of proof that Patricia Miller would testify that the victim told Patricia the victim's stepfather had molested her. The court ruled that Miller could testify the victim told her she had been molested by someone other than appellants, but could not testify that it was by the victim's stepfather. Appellants' counsel then stated he would prefer not to ask Patricia Miller about the victim's statement to Patricia at all. Thus, the trial court offered appellants the opportunity to impeach the particular victim involved, and appellant chose not to do so. Under such circumstances, if any error occurred it was induced by appellant, and induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs specially.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 3, 1984

*Denmark Groover, Jr., Frank H. Childs, Jr.,* for appellants.
*Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, concurring specially.

This case involves a father, his foster daughter, and several children ranging in age from seven to eleven. The children, individually and collectively, would be invited to the mobile home of the father,

sometimes to spend the night and at other times for brief visits. When spending the night and on other occasions, the children would be provided with beer, vodka, cigarettes, and both soft-core and hard-core pornographic magazines (approximately 200 pages contained in the record), made available seemingly as a pattern, or a type of "pied piper," for procurement and for encouragement to promiscuous sexual activity.

The Supreme Court of the United States has ruled, under the variable obscenity doctrine, that what is not necessarily obscene to adults may constitute obscenity to juveniles. Ginsberg v. New York, 390 U. S. 629 (88 SC 1274, 20 LE2d 195) (1968). In the instant case various sexual games were played, consisting of a variety of erotic acts, including intercourse, often in the presence of other children. The children were encouraged to act out and affirm this activity because "it feels good." One of the older girls contended that at one time she had become pregnant and, moreover, that she had consented to engaging in some of the acts. Taken together, the crude and unnatural acts constituted a veritable *modus operandi* for the demeaning and seducing of children. The evidence indicated that the children were encouraged to peruse the "nasty" and "dirty" magazines and pictures.

When the evidence is construed in favor of upholding the jury verdict, it would seem reasonable to conclude that the acts constituted both mental and physical child abuse, and that the evidence sustains at the very least the convictions of child molestation and enticing a child for indecent purposes. Counsel for appellant nevertheless makes a strong argument that the "enticing a child for indecent purposes" counts violate the "overbreadth" doctrine, that men and women of common intelligence would necessarily have to guess at the meaning, and that the statute would therefore be constitutionally invalid for vagueness. Our Supreme Court has addressed this point seemingly adversely to appellant in *McCord v. State*, 248 Ga. 765 (285 SE2d 724) (1982). That case focuses only on OCGA § 16-6-4, in which wording of further specificity is included: "to arouse or satisfy the sexual desires"; that language is absent from the instant case as well as from OCGA § 16-6-5. As pointed out in *Sabel v. State*, 250 Ga. 640 (300 SE2d 663) (1983), words must be given their ordinary meaning. Not all foreseeable reasonably included prohibited acts can be listed in every statute. Therefore, although it is a close question, it is reasonable to equate "indecent" with "immoral" or "illegal"; under *Sabel*, this would be sufficiently definite to inform a person of common intelligence as to when he is violating the law.

Another important point, advanced and well argued by learned counsel for appellant, was that certain testimony was inadmissible; namely, that the father informed the Irwin family that they would

have to move because their four daughters did not show him enough affection, did not like him enough, and would not come to see him in his trailer every day after school. There is no question that this was devastatingly prejudicial; yet, as pointed out in the majority opinion, it was admissible to show bent of mind. *Dudley v. State*, 141 Ga. App. 431, 432 (2) (233 SE2d 805) (1977). We must respectfully affirm.