A89A1178. FORTENBERRY v. THE STATE.
(387 SE2d 607)

BIRDSONG, Judge.

Tommy G. Fortenberry was convicted of aggravated child molestation involving his young stepson. He grounds his appeal upon the admission in evidence and showing to the jury of certain sexually oriented videotapes found in his possession. According to appellant, these videotapes were irrelevant and prejudicial in this case because the scenes depicted did not concern sexual acts between adults and children or man and boy. *Held*:

The evidence complained of was admissible under *Tyler v. State,* 176 Ga. App. 96, 99 (1) (335 SE2d 691), wherein we exhaustively explained both the basis for admissibility of such material to show bent of mind and lustful disposition, and the particular admissibility of such evidence *when it has been exhibited to the victim by defendant* as a means of orientating, training, enticing, or lulling the child into performing sexual acts. To this result, because of the prurient nature of sexual proclivity generally, it matters not that the material may not show the exact act, or a similar act between persons of age, sex, or relationship equivalent to that of the victim and the defendant.

We therefore find no basis for any objection to the evidence in the assertion that it did not depict the exact act which defendant then forced the victim to engage in or perform, nor will we make distinctions as to the content of such sexually oriented materials for the purpose of keeping them out of evidence, when it is shown that defendant exhibited them to the victim. The logical and legal assumption is, and the jury may reasonably conclude, that the defendant compelled or invited the child to view such material so as to facilitate the accomplishment of some sexual act with the child.

The evidence in this case was plainly admissible and if it was prejudicial against defendant, so be it, for its relevance was as least as great.

*Judgment affirmed. Benham, J., concurs. Deen, P. J., concurs specially.*

Deen, Presiding Judge, concurring specially.

If this were an obscenity case, this court would be required to view any magazines or videotapes admitted into evidence. The videotapes found in defendant's possession were shown to the jury for the purpose of reflecting the enticing of the victim to engage in some of the acts shown in the films. Since the jury saw the tapes, there is some question in my mind that the court should also view them. In any event, they are admissible to show bent of mind and lustful disposition. See *Megar v. State*, 144 Ga. App. 564, 568 (241 SE2d 447) (1978); *Howell v. State*, 172 Ga. App. 805 (324 SE2d 754) (1984); *Horne v. State*, 192 Ga. App. 528 (385 SE2d 704) (1989).

DECIDED OCTOBER 30, 1989.

*David E. Barrett*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.