## 61890. HILL v. THE STATE.

POPE, Judge.

J. I. Hill appeals his conviction of statutory rape of his nine-year-old daughter.

1. Appellant contends that the trial court erred in denying his motion for directed verdict of acquittal because the victim's testimony was not corroborated. The evidence showed that the victim's initial outcry was made to her aunt on Christmas Eve, 1978. According to the victim, she was scared to go home because appellant, her father, made her take off her clothes and go to bed with him. He had had sexual intercourse with her "about 20 times," the most recent of which had occurred approximately one week before her initial outcry. On these occasions the victim's mother would sleep on the couch while the victim slept with her father. Her father told her not to cry out during these episodes or he would whip her. Although the victim's mother testified that she never saw anything out of the ordinary between her husband and daughter, she confirmed that the victim had slept with appellant on several occasions while she had slept on the couch or elsewhere in the home.

We begin with the proposition that no conviction can be had for statutory rape based solely on the uncorroborated testimony of the victim. Code Ann. § 26-2018. Although corroboration is usually had by testimony other than the victim's which fairly tends to prove that the crime was committed *and* which connects the accused therewith, " 'corroborating identification evidence is not necessary' in statutory rape prosecutions." *Chambers v. State,* 141 Ga. App. 438, 439 (233 SE2d 818) (1977), revd. on other grounds, *State v. Chambers,* 240 Ga.

76 (239 SE2d 324 (1977). Moreover, "[t]he quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged . . . Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury." *Burnett v. State,* 236 Ga. 597, 598 (225 SE2d 28) (1976).

" 'It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal.' " *Barnes v. State,* 245 Ga. 609, 610 (266 SE2d 212) (1980). The victim's testimony in this case was sufficiently corroborated, and the evidence did not demand a verdict of acquittal.

2. Appellant also cites as error the trial court's failure to charge the provisions of Code Ann. § 38-1806, that the testimony of a witness who swears wilfully and knowingly falsely is to be disregarded unless corroborated by circumstances or by other unimpeached evidence. In order to make this provision applicable "it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest." *Smith v. State,* 74 Ga. App. 777 (2) (41 SE2d 541) (1947). "Under this rule . . . it has several times been held, that if a witness swears at the trial to a certain state of facts *in a material matter,* and he has previously sworn to the contrary in the same case, and where he admits that his testimony was false, this constitutes a wilful and knowing false swearing, and requires the jury to reject his testimony entirely, unless it be 'corroborated by circumstances or other unimpeached evidence.' In such a case it has been held that the judge should so charge the jury, even without a request." (Emphasis supplied.) *Smaha v. George,* 195 Ga. 412, 418 (24 SE2d 385) (1943).

The pertinent testimony, that of the nine-year-old victim, is as follows: "Q. Had Ricky done something to you, honey? A. Yes sir. Q. He had done the same thing that you say your daddy did to you? A. Yes sir. Q. Do you remember when this happened? A. Yes sir. Q. When was it? A. When I was seven. Q. When you were seven? A. Yes sir. Q. Did it happen anytime since then? A. I can't remember. Q. You can't remember? A. No sir. Q. Michelle, do you remember, honey, when we had the hearing before just me and you and the Judge in his office over there? A. Yes sir. Q. And I asked you if he had ever done anything to you. Do you remember that? A. Yes sir. Q. And do you remember what you told me? A. Yes sir. Q. What did you tell me? A. That he hadn't done it to me. Q. That he hadn't done it to you? Is that right? A. Yes sir." Appellant contends that this self-confessed evidence of impeachment was of great importance at trial in light of a

medical doctor's testimony that the victim's hymen membrane was not intact. We disagree.

"Code Ann. § 38-202.1 provides generally that in rape prosecutions, evidence of the past sexual behavior of the complaining witness shall be inadmissable unless the accused also participated in that past behavior or unless such behavior would support an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of. . . . Although the act is applicable by its terms to rape cases, logic and the intent of the act show that it should be equally applicable in statutory rape cases, except that the exceptions in the act relating to consent and the accused's prior participation would be inapplicable in statutory rape cases." *Barnes v. State,* 244 Ga. 302, 306 (260 SE2d 40) (1979). Accordingly, the testimony as to the victim's past sexual encounters, even though entered into evidence without objection, was irrelevant, i. e., having no tendency to prove or disprove any matter in issue in the case. Black's Law Dictionary 963 (4th ed. 1968).

If testimony is not relevant, then it is also not material, the definition of material evidence being that which "is relevant and goes to the substantial matters in dispute, or has a legitimate and effective influence or bearing on the decision of the case." Black's Law Dictionary 1128 (4th ed. 1968). Since a witness may not be impeached because of a discrepancy as to a wholly immaterial matter *(Gilbert v. State,* 159 Ga. App. 326 (2) (1981)), it follows that the trial court in this case did not err in refusing to charge the requested provisions of Code Ann. § 38-1806. See *Eberhart v. State,* 121 Ga. App. 663 (1) (175 SE2d 73) (1970). In any event, considering the charge given by the trial court on the subject of impeachment and contradictory statements, no reversible error has been shown. *Henderson v. State,* 146 Ga. App. 114 (2) (245 SE2d 437) (1978).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 10, 1981.

*Floyd W. Keeble, Jr.,* for appellant.
*J. Cleve Miller, District Attorney,* for appellee.