### 70438. PEUGH v. THE STATE.
(332 SE2d 384)

BANKE, Chief Judge.

The defendant appeals his conviction of first degree arson. *Held*:

1. The trial court did not err in denying the defendant's motion to suppress a tape recording of a telephone conversation between himself and his former wife, in which he had urged her not to disclose

to investigators that he had given her various items prior to the fire which he subsequently listed as destroyed on his fire insurance claim. The recording was made by an insurance company investigator at the former wife's request, and the telephone conversation was initiated by the defendant at a time when the investigator happened to be present at the former wife's residence.

OCGA § 16-11-66 permits the "interception, recording, and divulging of a message sent by telephone, telegraph, letter, or any other means of communication . . . in those instances wherein the message is initiated or instigated by a person and the message constitutes the commission of a crime or is directly in the furtherance of a crime, provided at least one party thereto consents." Because the recording in question was consented to by the former wife, and because the conversation was initiated by the defendant and may be considered in direct furtherance of such crimes as knowingly falsifying, concealing, or covering up a material fact in a matter "within the jurisdiction of any department or agency of state government . . . " (OCGA § 16-10-20), and hindering the apprehension of a criminal (OCGA § 16-10-20), we hold that the evidence was properly admitted. Accord *Humphrey v. State*, 231 Ga. 855, 862-863 (204 SE2d 603) (1974), cert. den. 419 U. S. 839 (95 SC 68, 42 LE2d 66) (1974).

2. With or without the tape recording, the evidence was amply sufficient to enable a rational trier of fact to find the defendant guilty of first degree arson beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 7, 1985.

*Diane M. Locklear*, for appellant.
*William A. Foster III, District Attorney*, for appellee.