## 72887. RUNION v. THE STATE.
### (349 SE2d 288)

CARLEY, Judge.

Appellant was tried by a jury and found guilty of statutory rape, child molestation, and aggravated child molestation. He appeals from the judgments of conviction and sentences entered on the verdicts.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal on the statutory rape charge.

Appellant asserts that there was no evidence of the penetration of the victim's sex organ by his. The victim testified that appellant touched her "private parts" with his "private parts" and that "it hurt." A nurse who examined and questioned the victim gave the following testimony: The victim told her that appellant had put his penis "in the front part of her bottom." For the reasons discussed in Division 3 of this opinion, the nurse's testimony was admissible as substantive evidence of the matter asserted. "Although less than totally explicit, [the testimony of the victim and of the nurse] could be interpreted by a reasonable and rational trier of fact as . . . statement[s] that [appellant's] male sex organ penetrated [the victim's female sex organ]." *Jackson v. State*, 157 Ga. App. 604 (1) (278 SE2d 5) (1981).

Appellant further contends that his statutory rape conviction must be reversed because the victim's testimony was uncorroborated. " 'Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass on its probative value.' [Cits.]" *Tucker v. State*, 173 Ga. App. 742 (1) (327 SE2d 852) (1985). The testimony of the victim was supported by that of the nurse who, as discussed above, testified to the victim's previous statements inculpatory of appellant. The victim's testimony was also supported by appellant's confession of other acts which would constitute child molestation of the victim. See *Hill v. State*, 159 Ga. App. 489 (1) (283 SE2d 703) (1981) (evidence that the defendant had slept with the victim on several occasions was sufficient to corroborate the victim's testimony). The victim's testimony in the instant case was sufficiently corroborated, and the evidence did not demand a verdict of acquittal. " ' "It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal." ' [Cit.]" *Hill v. State*, supra at 490. See also *Maddox v. State*, 170 Ga. App. 498, 499 (1) (317 SE2d 617) (1984). The jury was presented with sufficient evidence from which it could find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's qualification of

the six-year-old victim as a competent witness.

" 'The determining factor in deciding competency of a child witness is not age, but the child's ability to understand the nature of an oath. [Cit.] It is not necessary that the child be able to define the meaning of an oath, but that she know and appreciate the fact that as a witness she assumes a solid and binding obligation to tell the truth when questioned at trial. [Cit.]' [Cit.]" *Chadwick v. State*, 176 Ga. App. 296, 299 (3) (335 SE2d 674) (1985). Before the trial court's ruling on victim's competency to testify, she was examined by counsel for the State and for appellant. Although she could not say what an oath was, she was aware that it was wrong to lie and that, if she lied, she would be punished by the judge and by her mother. She promised to tell the truth and to answer all of the questions asked her, even if they made her or her mother unhappy. " 'We find that the requisites of (demonstrating competency were) amply satisfied.' [Cits.]" *Chadwick v. State*, supra at 299. See also *Pope v. State*, 167 Ga. App. 328 (1) (306 SE2d 326) (1983); *Sanborn v. State*, 176 Ga. App. 259 (1) (335 SE2d 719) (1985).

3. As to the victim's mother and the nurse who examined the victim, appellant enumerates as error the admission of their testimony regarding statements the victim made to them. Because the victim was "under oath and subject to cross-examination about her testimony and about her out-of-court statement[s,]" the testimonies of these two witnesses were admissible as substantive evidence of the matter asserted. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). See also *Edwards v. State*, 255 Ga. 149, 150 (2) (335 SE2d 869) (1985); *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431) (1986); *Brannon v. State*, 176 Ga. App. 781 (1) (337 SE2d 782) (1985). There was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1986.

*W. Brek Barker*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.