### 73732. TIMMONS v. THE STATE.
(356 SE2d 523)

BIRDSONG, Chief Judge.

David Brian Timmons appeals his conviction for statutory rape of his stepdaughter, age 14, on grounds the child's testimony was not corroborated and the trial court erred in denying him a directed verdict of acquittal and new trial. *Held*:

Three offenses were charged against the appellant but two of these were without any corroboration. As to the act of statutory rape of which appellant was found guilty, the child testified that very early one morning during hunting season, appellant got her out of bed and took her to the "fire room," an enclosed part of the carport where appellant, a fireman, kept his antique fire hoses and other equipment. Appellant pulled his pants down past his knees and got on top of the victim and had penetrated slightly when he heard the victim's mother coming. The victim was frightened (appellant had previously told her she would be blamed if they were "caught"); appellant told her to "go hide." She did, but was quickly found by the mother. Appellant told his wife the victim had been asking questions about sex, or about problems she had or about a friend who was in trouble at school; the mother then took the girl into her bedroom and chastised her for asking appellant such questions.

At trial it was shown that the appellant, after being read his right to remain silent, told the investigating detective he and the child were in the fire room about 3:00 or 4:00 a.m. talking when he heard his wife coming, and that he asked the child to hide because "I knew that my wife would be mad" but could not really say why she would be angry, and that when his wife saw the child was there and asked them what they were doing up at that time of night, he told her they were discussing some sex questions. Appellant also told the investigator he

had shown the child some photographs of nude men and women for educational purposes, thus "confirm[ing] what [the child] said about showing her some explicit photographs"; he did not recall where the photographs had come from but he was sure they did not come from a *Playboy* magazine (of which he had several in the house).

At trial appellant said the child came into the kitchen about 6:00 a.m. when he had gotten up to go deer hunting, and that he knew his wife was coming into the room because she had agreed to get up and have coffee with him. He testified that he told the child to hide and pushed her into the fire room when he heard his wife coming because he did not want the child to get into trouble, since he knew she was upset because her mother had been "getting on to her because she was not getting the dishes clean when she washed them or [swept] the floor." He also testified he had showed the girl photos of nude men and women for educational purposes. The child's mother testified these events occurred about 6:00 a.m. and that appellant knew she was going to get up and have coffee with him, and that when she came into the kitchen and saw the child and her husband, both of them looked "scared," and that she was confused that appellant should look "scared." However, she testified he told her the child had been asking him about a child at school who was pregnant; the mother evidently believed her husband on this point and admonished the girl for asking him such questions. The mother denied telling the investigator that appellant had looked scared and had said he was hiding to play a joke on her. There was some evidence the mother was mad at the child for making this accusation.

The statutory rape statute provides no conviction shall be had for this offense on the unsupported testimony of the child (OCGA § 16-6-3 (a)), but it is well settled that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt, but only that the corroborating evidence *tend* to establish his guilt and be of " 'such a character and quality as tends to prove the guilt of the accused by connecting him with the crime.' " *Chambers v. State*, 141 Ga. App. 438, 439 (233 SE2d 818), rev'd on other grounds, 240 Ga. 76 (239 SE2d 324). Moreover, the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, " 'but only that amount of independent evidence which tends to prove that the incident occurred as alleged. . . . Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury.' [Cit.]" *Hill v. State*, 159 Ga. App. 489, 490 (283 SE2d 703).

We are satisfied that the child's testimony that sexual conduct was committed by appellant in the "fire room" is corroborated by the appellant's own testimony that he told the girl to hide when he heard his wife approaching, that he did not want his wife to catch them in

the room, and by his wife's testimony that he looked "scared" when she did discover the child with him, all of these facts not being rationally explained except as guilty conduct; and further, by his testimony *under the circumstances* that he had shown the girl photographs of nude men and women for educational purposes. A reasonable trier of fact could rationally find from all the evidence proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781; 61 LE2d 560); *Boyd v. State*, 244 Ga. 130, 132 (259 SE2d 71). It follows that the trial court did not err in denying the defendant a directed verdict of acquittal as to this offense (*Hill*, supra) and denying a new trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, it should be further said that while appellant stepfather concedes that he had shown his stepdaughter pictures of naked men and women from medical books and possibly from *Playboy* magazine, they were, nevertheless, done so for educational purposes. Appellant contends that his stepdaughter did read *Playboy* magazine, but that was her own idea. Other testimony indicated that the nude and pornographic pictures were an indication of his personal predilection for permissive preferences, and as a suggested method for stimulation in his modus operandi of expected sexual conduct and encounter that he intended to create. The jury could have believed the latter inferences. *Megar v. State*, 144 Ga. App. 564, 568 (241 SE2d 447) (1978); *Howell v. State*, 172 Ga. App. 805 (324 SE2d 754) (1984).

DECIDED APRIL 6, 1987.

*Glenn Zell*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.