75593. LEWIS v. THE STATE.
(366 SE2d 305)

BEASLEY, Judge.

Lewis appeals his convictions and sentences for aggravated assault, OCGA § 16-5-21, and armed robbery, OCGA § 16-8-41. A motion for new trial was not made. Counsel raises three possible errors: the evidence was insufficient to support the verdict; the pre-trial photographic and physical line-ups were impermissibly suggestive; defendant was denied his right to presence of counsel at the physical line-up. Lewis himself filed a supplemental brief and enumeration of errors in which he argues the general grounds, under the mistaken notion that he was entitled to do so despite the fact that his counsel's *Anders* motion was denied. Ga. Const. 1983, Art. I, Sec. I, Par. XII.

1. Based on the evidence at trial, any rational trier of fact could have found defendant guilty of aggravated assault and armed robbery beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

If we consider also defendant's enumerations and brief, we see that defendant contends basically what has become known as the "general grounds." He asserts that (1) the verdict is contrary to the evidence; (2) that the evidence is insufficient to support the verdict; and (3) that the verdict is against the weight of the evidence. See OCGA §§ 5-5-20 and 5-5-21. The only grounds arguable on appeal in this regard go to the sufficiency of the evidence. Grounds one and two are substantially the same; ground three addresses itself solely to the trial judge's discretion. OCGA § 5-5-21; *Ridley v. State,* 236 Ga. 147, 149 (1) (223 SE2d 131) (1976), overruled by *Jackson v. Virginia,* supra, to the extent that it used the "any evidence" standard for making this determination on appeal, as noted in *Adams v. State,* 255 Ga. 356, 357 (fn. 2) (338 SE2d 860) (1986); *Daniel v. State,* 180 Ga. App. 687, 688 (1) & (2) (350 SE2d 49) (1986). See also *Stinson v. State,* 185 Ga. App. 543 (364 SE2d 910) (1988) and *Towns v. State,* 185 Ga. App. 545 (365 SE2d 137) (1988).

Having determined that the evidence was sufficient, applying the *Jackson* standard of proof, which determination means as well that the verdict is not contrary to the evidence, appellant's pro se submissions add nothing further to rule on.

2. There is nothing in the record to suggest that the pre-trial line-ups were impermissibly suggestive under the " 'totality of the circumstances' test for reliability." *Ralston v. State,* 251 Ga. 682, 683 (2) (309 SE2d 135) (1983) which discusses application of the test in *Neil*

*v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); see also *Pack v. State*, 182 Ga. App. 618 (356 SE2d 557) (1987). Nor is there any factual support for the assertion that defendant was denied presence of counsel. In addition, such claims were not advanced below, and "[t]his court will not consider questions raised for the first time on review. [Cit.]" *Laidler v. State*, 180 Ga. App. 213, 214 (1) (348 SE2d 739) (1986).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988 —
REHEARING DISMISSED FEBRUARY 26, 1988.

*C. Jerome Adams*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.