## 45041. ABIFF v. THE STATE.

(365 SE2d 427)

Hunt, Justice.

Abijah Abiff was convicted of the murder of Ronald Mathews in Fulton County and sentenced to life in prison.[1] He appeals.

Co-defendant, Deborah Woods, and the victim, Ronald Mathews ended a four-year relationship in the fall of 1985. At that time, Woods and the victim jointly owned a home, for which Woods had agreed to repay the victim the money he had given to the mortgagor to keep the house from going into foreclosure. On May 31, 1986, the defendant helped Woods move from her apartment into the house and was with her when the victim came to the apartment in the early morning hours of June 1. When friends of the victim waiting for him at his car heard two shots, they called the police. When the police arrived, the defendant was outside the apartment with a .22 caliber gun, identified as belonging to Woods. It was not the murder weapon. The victim was found inside the apartment where he had died of a shot through his back that had entered vital areas of his chest, but also had suffered a graze wound to his head. He had an open pocketknife in his left hand, although he was known to be right-handed.

Woods, both at the scene and while being questioned at the police station, told the police that the victim had broken into the back door of her apartment, grabbed and pushed her, and demanded the money she owed him and that she had somehow come into possession of the defendant's gun and, while trying to defend herself, the gun had accidentally fired. She said that the defendant had left the apartment when the victim had arrived. Ten days later, however, she recanted her story and told the police that it was the defendant who had returned to the apartment and shot the victim as she was struggling with him, and that she had lied to the police because she was afraid of the defendant. She showed the police where she had hidden the defendant's gun in some bushes. The defendant, though he did not take the stand to testify, consistently maintained that he was not in the apartment at the time of the shooting.

The defendant and Woods were tried together. Expert testimony tended to show that the victim was shot from more than two feet away and that the gun was unlikely to have fired accidentally. Woods was acquitted, while the defendant was convicted.

---

[1] The killing occurred on June 1, 1986. The defendant was indicted on July 22, 1986. He was tried November 12 to 19, 1986, and filed a motion for new trial on December 5, 1986. The court reporter certified the trial transcript on May 21, 1987, and the trial court denied his motion for new trial on July 20, 1987. The defendant's notice of appeal was filed in the trial court on August 19 and the appeal docketed here on September 18, 1987. After trial counsel was allowed to withdraw, the trial court appointed new appellate counsel on January 20, 1988, and the case was ripe for decision on March 2, 1988.

1. We find, having reviewed the evidence in the light most favorable to the jury's determination, that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, the defendant's pro se enumeration of error as well as his counsel's fifth enumeration do not present grounds for reversal of this conviction. Additionally, there is no merit to the defendant's pro se enumeration of error that the verdicts are inconsistent. *Parker v. Mooneyham*, 256 Ga. 334, 335 (349 SE2d 182) (1986).

2. Abiff's contention that the trial court erred in failing to inform the jury that his charge on confessions could be considered only as to his co-defendant is meritless. The trial court properly defined the elements of both confessions and incriminating statements as well as the prerequisites for jury consideration of them. In no way did the charge intimate that Abiff confessed.

3. Since the defendant did not make a confession, testify or offer any witnesses, we hold that the trial court's charge on "false swearing" was irrelevant to him and could only have referred to his co-defendant's testimony. Furthermore, as was said in *Cargill v. State*, 255 Ga. 616, 641 (340 SE2d 891) (1986), "the trial court's instructing the jury on this provision certainly did not shift any burden of proof to the appellant. *United States v. Holland*, 526 F2d 284 (5th Cir. 1976), which is cited by the appellant, is distinguishable . . . . *Campbell v. State*, 237 Ga. 76, 80 (226 SE2d 601) (1976) (Hill, J. concurring)." This enumeration presents no grounds for reversal.

4. While we agree with defendant that an officer's opinion that self-defense was not involved and that he could not "buy their story," referring to that of the defendants, was objectionable, we do not agree that a mistrial was required. Defense counsel's objection: "Your Honor, I object to that statement 'Would you buy their story?' There is no story. There is but one story here and that is Ms. Woods' story . . . I don't have anything about him giving an opinion. My concern is about saying, 'Would you buy their story?' And I still contend there is only one story here. There are three or four versions of one story by Ms. Woods, and I object to it . . ." was sustained though his motion for mistrial was overruled.

The rephrased question by the prosecutor, asking whether the officer would buy either Ms. Woods' story or Mr. Abiff's story drew no objection. The defendants' apparent concern was to prevent the jury from being under the impression that he and Ms. Woods had a consistent version of what had occurred. Under the circumstances, the court's response to both the objection and the motion was sufficient.

5. Additionally, we find no abuse of discretion in the trial court's refusal to sever the trials of the co-defendants. We do not find that the jury could have been confused by their antagonistic defenses so

that a denial of due process resulted. *Kennedy v. State*, 253 Ga. 132 (2) (317 SE2d 822) (1984); *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).

6. The defendant next urges that the trial court erred in allowing the co-defendant to comment on his silence. At the close of Woods' testimony, her attorney called the defendant to the stand to testify in her behalf as a witness. An objection was made and the jury was excused for the night. The objection was sustained out of the presence of the jury and the next morning Woods announced that she was resting her case. No cautionary instruction was given the next day, and none was demanded. Given the timing of this incident, we do not find that the defendant's right to remain silent was compromised. The trial court charged that no inference harmful to the defendant should be drawn from his failure to testify.

7. There was no error in the court's charge on the extent to which an accomplice's testimony must be corroborated nor was there any error in failing to define the word "corroboration." *Slaughter v. State*, 257 Ga. 104, 106 (355 SE2d 660) (1978); *Hill v. State*, 237 Ga. 794, 797 (229 SE2d 737) (1976).

8. Assuming that neither defendant nor his counsel was present at the pre-trial *Jackson v. Denno* hearing on Woods' confession, his right to be present at all critical stages of *his* trial was not violated.[2] Further, although the issues of voluntariness were preserved for trial, the defendant made no reviewable objection to the admissibility of either of Ms. Woods' statements.

9. Appellate counsel also raises the question of ineffective assistance of trial counsel. Since the trial court has not yet had an opportunity to consider this issue, the case must be remanded for a hearing and appropriate findings regarding this issue. *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986).

*Judgment affirmed and remanded for proceedings pursuant to Division 9. All the Justices concur.*

DECIDED MARCH 10, 1988 —
RECONSIDERATION DENIED MARCH 30, 1988.

*Michael Edward Bergin*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Carole E. Wall*, Assistant District Attorneys, *Michael J. Bowers*, Attorney

---

[2] This claim is not supported by the record transmitted with this appeal.

*General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.