## 77095. HIGHTOWER v. THE STATE.
### (376 SE2d 717)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of one count of forcible rape and one count of statutory rape. Appellant appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts and from the denial of his motion for new trial.

1. The trial court's asserted failure to consider and rule upon whether there was an intelligent waiver by appellant of his *Miranda* rights is enumerated as error.

The trial court conducted a *Jackson-Denno* hearing to determine the admissibility of appellant's post-arrest statement. At the conclusion of the hearing, the trial court ruled that "the statement was voluntary and can be used in the trial of the case." Appellant now urges on appeal that the ruling was limited to consideration of "voluntari-

ness" under OCGA § 24-3-50, the trial court having failed to address explicitly the "voluntariness" of the statement pursuant to *Miranda*. However, at no point did appellant ask for a clarification of the trial court's ruling following the *Jackson-Denno* hearing. The waiver-of-rights form which appellant signed at the time of his statement contained the required *Miranda* warnings. This signed waiver-of-rights form was introduced into evidence at the hearing. If appellant had doubts as to whether the trial court's ruling on the admissibility of his custodial statement constituted a ruling on the satisfaction of the "voluntariness" requirement of *Miranda* as well as of OCGA § 24-3-50, he should have raised that issue in the trial court. "We will give no consideration to the merits of this enumeration. One cannot ignore what may be harmful error while hoping for a favorable result and then raise error when expectations prove false. [Cits.]" *Bone v. State*, 178 Ga. App. 802, 807 (4) (345 SE2d 46) (1986).

2. Appellant enumerates the general grounds as to his conviction on the statutory rape charge. He urges that there was insufficient evidence of penetration. However, there was evidence adduced at trial which would authorize a finding that penetration had, in fact, occurred. See *Neal v. State*, 152 Ga. App. 395, 396 (1) (263 SE2d 185) (1979). From the evidence produced at trial a rational trior of fact could reasonably have found appellant guilty beyond a reasonable doubt of the offense of statutory rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Runion v. State*, 180 Ga. App. 440 (349 SE2d 288) (1986).

3. Although the alleged ineffective assistance of appellant's trial counsel was not raised below, it is raised on appeal. The record shows the following: After the trial, appellant's trial counsel filed a request to withdraw. Subsequent to the filing of his request to withdraw but prior to the trial court's ruling thereon, appellant's trial counsel filed a motion for new trial enumerating only the general grounds. Shortly before the scheduled hearing on appellant's motion for new trial, the trial court granted the request of appellant's trial counsel to withdraw and new counsel was appointed to represent appellant. No amendment to appellant's motion for new trial was filed by appellant's new counsel. The hearing on the unamended motion for new trial was held six days after the effective date of the withdrawal of appellant's trial counsel. After the motion for new trial was denied, appellant's new counsel filed a notice of appeal. Subsequent to the filing of the notice of appeal but prior to the filing of the enumerations of error, yet another counsel was appointed to represent appellant on this appeal and it is this counsel who now raises the issue of the effectiveness of appellant's trial counsel. Appellant's appellate counsel does express in his brief the opinion that there is no merit in the claim of ineffectiveness of trial counsel. However, regardless of his opinion as to the *mer-*

*its* of the claim, it is clear that the issue has been *raised* by appellate counsel and not merely by appellant himself. The ineffectiveness of appellant's trial counsel is raised in the enumeration of errors filed and signed by appellant's appellate counsel and not in a separate enumeration of errors filed and signed by appellant purporting to act pro se. Accordingly, it is appellate counsel who has raised the issue and, despite his professional opinion as to the lack of merit in the claim, it is incumbent upon this court to accept its constitutional responsibility and make its own independent determination as to the proper resolution of that issue.

In *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986), our Supreme Court "established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645, fn. 1 (373 SE2d 1) (1988). However, the applicability of the rule announced in *Smith* was subsequently limited in *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987) and in *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988). Accordingly, the issue for resolution is whether the disposition of appellant's claim of ineffectiveness of his trial counsel is controlled by the holding in *Smith* or by the holdings in *Thompson* and *Dawson*.

In *Thompson*, the defendant obtained new counsel after his trial counsel had filed a motion for new trial. The new counsel then filed an amended motion for new trial which did not raise the issue of ineffective trial counsel. On direct appeal Thompson's new counsel raised the issue of ineffective assistance of trial counsel for the first time. Our Supreme Court remanded the case to the trial court for consideration of the ineffective assistance claim but further held that "from the date this opinion is published in the Official Advance Sheets this court will no longer remand *such* cases. Any ineffective counsel challenge will be deemed waived *if the new attorney files an amended motion for new trial and does not raise the issue before the trial court* so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." (Emphasis supplied.) *Thompson v. State*, supra at 388. It is clear that when the Supreme Court states in *Thompson* that it will no longer remand "such cases," it is referring only to those cases in which new counsel has filed an amended motion for new trial which failed to raise the issue of ineffective counsel. Here, there may have been new counsel, but there was no amended motion for new trial. Accordingly, *Thompson* is inapplicable to the facts of the present case.

The actual relevant holding of the Supreme Court in *Dawson* is as follows: "Unlike *Smith* and *Thompson*, in this case the issue of

ineffective assistance of trial counsel was raised in the trial court in an amended motion for new trial filed by appellate counsel. However, he did not request an evidentiary hearing on the issue, but he argued the motion by filing an extensive brief. Thus, *Thompson* does not control, and under the *Smith* rationale the case must be remanded for an evidentiary hearing. However, this Court will no longer remand *such* cases. . . . When appellate counsel raises the issue of ineffective assistance of counsel in an amended motion for new trial, appellate counsel must request a hearing on the issue. If no such request is made, the right to a hearing is waived. *This rule will take effect the day this opinion is published in the Official Advance Sheets.*" (Emphasis supplied.) *Dawson v. State*, supra at 381.

It is clear that when the Supreme Court states in *Dawson* that it will no longer remand "such cases," it is referring to cases wherein appellate counsel has raised the issue of ineffective assistance of counsel in an amended motion for new trial and has failed to request an evidentiary hearing. In the instant case, however, the issue of ineffective assistance of counsel was first raised on appeal, and was not the subject of an amended motion for new trial. Therefore, *Smith* controls and this case must be remanded for an evidentiary hearing. See *Lloyd v. State*, supra, and *Richardson v. State*, 256 Ga. 746, 748 (8) (353 SE2d 342) (1987). Moreover, even if this case were within the ambit of *Dawson*, a remand would still be necessary because the rule announced in *Dawson* had not taken effect in that *Dawson* had not yet been published in the Official Advance Sheets at the time of the hearing on appellant's motion for new trial. See *Foote v. State*, 184 Ga. App. 900 (1) (363 SE2d 180) (1987).

Accordingly, we remand the case to the trial court for a hearing on the ineffective assistance of counsel issue. See *Abiff v. State*, 258 Ga. 137, 139 (9) (365 SE2d 427) (1988); *Richardson v. State*, supra.

*Judgments affirmed and case remanded with direction. Birdsong, C. J., McMurray, P. J., Banke, P. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur fully in Divisions 1 and 2 but respectfully dissent with respect to Division 3. A remand is not called for.

The majority opinion states that "it is this [current] counsel who now raises the issue of the effectiveness of appellant's trial counsel." In reality, *counsel* does not raise the issue but very carefully framed the enumeration: "*Appellant* urges ineffective assistance of trial counsel." (Emphasis supplied.) This contrasts markedly from the wording of the two other enumerations, and distinction is explained.

Counsel states in the brief that he thoroughly reviewed the case

and "is of the opinion that ineffective assistance of trial counsel is not a viable ground for appeal in this case." He explains that appellant himself wants the issue raised despite counsel's professional judgment, so he agreed to and did submit appellant's own notes and written arguments as an incorporated attachment to the brief.

The Constitution of the State provides that: "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const. 1983, Art. I, Sec. I, Par. XII. Where appellant has an attorney on appeal, he cannot *also* represent himself. See *Lewis v. State*, 186 Ga. App. 92 (366 SE2d 305) (1988). Where the appellant's representative states that there is no basis for a claim of ineffective assistance of trial counsel, no issue is made for this Court to resolve.

Even if we were to recognize that such an issue was raised on appeal, remand is inappropriate. Trial counsel withdrew with the court's permission on January 26, 1988, effective January 25. Since the motion for new trial was heard and denied on February 1, pursuant to a rule nisi for that date, defendant must have been represented at that hearing by new counsel. Such counsel did not seek to amend the motion by adding a claim of ineffective assistance of counsel, although the opportunity was presented. That was the "earliest practicable moment" it could have been raised, in the lodestar words of *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986).

Finally, what appellant himself complains about requires no hearing. The nature of his dissatisfaction relates mostly to trial tactics and strategy, which are not a basis for such a claim. *Jones v. State*, 243 Ga. 820, 830 (12) (256 SE2d 907) (1979). He also asserts that his counsel conspired through camaraderie with the prosecuting attorney to convict him, but the record shows that he was granted a fair trial. He faults the closing argument as siding with the State, but it is not recorded.

Even when an issue of effective assistance is properly raised, a hearing is not always necessary. *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988). If the trial court were to consider appellant's pro se complaints in this case, it would have to conclude as a matter of law that appellant states no basis upon which a new trial would be required because of ineffective assistance of counsel at the first one.

The judgment should be affirmed.

I am authorized to state that Presiding Judge Deen joins in this opinion.

Deen, Presiding Judge, dissenting.

I must respectfully dissent.

The Supreme Court has declined to address a claim of ineffective assistance of counsel when it was not raised in the court below: "(a)

when appellate counsel failed to file a motion for new trial, [Cit.]; (b) when appellate counsel filed a motion for new trial but failed to raise the ineffectiveness issue, [Cit.]; and (c) when appellate counsel was retained for the first time during the pendency of the appeal. [Cit.]" *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986). The court in *Smith* went on to note that in each instance "the trial court had not ruled on the issue, nor was there available any testimony from the lawyer who conducted the trial." Id. at 656.

In *Smith*, trial counsel filed a motion for a new trial. The defendant then obtained a new lawyer who filed an amendment to the motion for a new trial, but did not raise the ineffective assistance issue. The court held that "[i]t is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment." Id. at 656. The case was remanded for a hearing on the ineffective assistance claim.

In *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987), appellate counsel filed an amended motion for a new trial and did not raise the ineffective assistance issue until the direct appeal was filed. The case was remanded for a hearing in accordance with the holding in *Smith*, but the court went on to hold that henceforth "[a]ny ineffective counsel challenge will be deemed waived [and the case will not be remanded] if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." Id. at 388.

In *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), the issue of ineffective assistance was raised in an amended motion for new trial by appellate counsel. He did not, however, request an evidentiary hearing on the issue. Instead, he chose to argue the motion by an extensive brief. The court held that *Thompson* did not control and remanded the case for an evidentiary hearing under *Smith*. The court, however, added that it will no longer remand such cases as appellate counsel must request a hearing in the amended motion for a new trial or the right to a hearing is waived.

In the instant case, trial counsel filed a motion for a new trial asserting only the general grounds. Twenty-one days later counsel filed a motion seeking permission to withdraw as Hightower's attorney. The motion was granted, and the motion for a new trial was denied. A second attorney filed a timely notice of appeal and filed motions asserting Hightower's indigency and requesting that he be appointed counsel on appeal. These motions were granted. At some point prior to filing an enumeration of error and brief with this court Walter J. Lane, Jr., was appointed to represent the appellant. He has

not filed any documents in the lower court and raises the issue of ineffective assistance of trial counsel for the first time on appeal.

I believe that the decisions in *Thompson* and *Dawson* have modified the holding in *Smith* and that the issue of ineffective assistance of counsel must be presented to the trial court and an evidentiary hearing requested or the issue is not preserved for appellate review.

DECIDED DECEMBER 5, 1988.

*Walter J. Lane, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Robin B. Odom, Thomas J. Matthews, Assistant District Attorneys*, for appellee.