## A92A2115. DYE v. THE STATE.
(423 SE2d 713)

McMURRAY, Presiding Judge.

Defendant Dye appeals his conviction of the offenses of statutory rape and aggravated child molestation. *Held:*

1. Defendant Dye's first two enumerations of error contend the trial court erred in denying his motion to dismiss that count of the indictment charging statutory rape on the grounds that OCGA § 16-6-3 defining this offense is unconstitutional. This raises the issue of our jurisdiction to consider this appeal and whether this appeal must be transferred to the Supreme Court since sole jurisdiction to consider a challenge to the constitutionality of a statute rests in the Supreme Court. See the Constitution of the State of Georgia, Art. VI, Sec. VI, Par. II (1). However, in this instance a constitutional issue is not raised because there is no suggestion on the record sent up from the trial court that the trial court ever ruled on defendant's motion to dismiss. Nor does the record show that defendant sought to elicit any ruling on his motion to dismiss. Since the constitutionality of no statute was ruled upon by the trial court, and since we may not address questions on appeal which were not passed on by the trial court, no question as to the constitutionality of OCGA § 16-6-3 is preserved for appellate review and this court has jurisdiction of the appeal. *Liles v. Still*, 176 Ga. App. 65 (1) (335 SE2d 168); *Security Mgmt. Co. v. King*, 132 Ga. App. 618 (1) (208 SE2d 576). See also *Wilson v. State*, 212 Ga. 157, 158 (1a) (91 SE2d 16).

2. Defendant's remaining enumeration of error raises an issue as to the sufficiency of the evidence to authorize his conviction of statutory rape only. The defendant acknowledges that an incident occurred during which he attempted to have sexual intercourse with the underaged victim, but he testified that he did not believe that there was any penetration of the victim's vagina, and now argues that there is no corroboration of the victim's testimony that he did actually penetrate her vagina with his penis.

OCGA § 16-6-3 (a) provides that no conviction shall be had for statutory rape "on the unsupported testimony of the female." However, "it is well settled that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt, but only that the corroborating evidence *tend* to establish his guilt and be of ' "such a character and quality as tends to prove the guilt of the accused by connecting him with the crime." ' *Chambers v. State*, 141 Ga. App. 438, 439 (233 SE2d 818),

rev'd on other grounds, 240 Ga. 76 (239 SE2d 324). Moreover, the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, ' "but only that amount of independent evidence which tends to prove that the incident occurred as alleged. . . . Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury." (Cit.)' *Hill v. State*, 159 Ga. App. 489, 490 (283 SE2d 703)." *Timmons v. State*, 182 Ga. App. 556, 557 (356 SE2d 523). The child's testimony that sexual conduct was committed is corroborated by the defendant's own testimony. A reasonable trier of fact could rationally find from all the evidence proof beyond a reasonable doubt of defendant's guilt of statutory rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Timmons v. State*, 182 Ga. App. 556, 558, supra.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 9, 1992.

*Clyde M. Urquhart*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, Keith Higgins, Assistant District Attorney*, for appellee.