## A92A1995. LEGG v. THE STATE.
### (428 SE2d 87)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of statutory rape, incest, sodomy, aggravated sodomy, and two counts of aggravated sexual battery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. After she had reported the crimes to the authorities, the victim telephoned appellant from the sheriff's office. The ensuing conversation was taped, even though no warrant had been issued pursuant to OCGA § 16-11-64. At trial, the tape was introduced over appellant's objection that it had been secured in violation of OCGA § 16-11-62. This evidentiary ruling is enumerated as error.

"Nothing in Code Section 16-11-62 shall prohibit the interception, recording, and divulging of a message sent by telephone . . . in those instances wherein the message is initiated or instigated by a person and the message constitutes the commission of a crime or is directly in the furtherance of a crime, *provided at least one party thereto consents.*" (Emphasis supplied.) OCGA § 16-11-66. Thus, "[t]he [S]tate could not have recorded this conversation on its own without having first obtained either an investigative warrant pursuant to OCGA § 16-11-64 *or a valid consent of a party to the conversation.*" (Emphasis supplied.) *Dobbins v. State*, 262 Ga. 161, 162-163 (2a) (415 SE2d 168) (1992). Here, the victim consented to the taping of the conversation that she had initiated with appellant. Compare *Dobbins v. State*, supra at 162-163 (2a) (wherein only the *father* of the victim consented). Accordingly, "the recording and divulging of the [instant] telephone [conversation] was authorized by OCGA § 16-

11-66, in that [the victim], who initiated the [conversation], knowingly acquiesced in the procedure. [Cit.]" *Duren v. State*, 177 Ga. App. 421, 422 (1) (339 SE2d 394) (1986). See also *Goodwin v. State*, 154 Ga. App. 46, 50 (1b) (267 SE2d 488) (1980). Contrary to appellant's additional contentions, the conversation "may be considered in direct furtherance of such crimes as knowingly falsifying, concealing, or covering up a material fact in a matter 'within the jurisdiction of any department or agency of state government . . .' (OCGA § 26-10-20), and hindering the apprehension of a criminal (OCGA § 16-10-[50]). . . ." *Peugh v. State*, 175 Ga. App. 90, 91 (1) (332 SE2d 384) (1985). See also *Ramsey v. State*, 165 Ga. App. 854, 857 (3) (303 SE2d 32) (1983); *Williams v. State*, 142 Ga. App. 764, 768 (8, 10) (236 SE2d 893) (1977). It follows that the tape was not erroneously admitted into evidence.

2. Appellant moved for a directed verdict of acquittal on the statutory rape charge, urging the lack of any evidence to corroborate the victim's testimony. The denial of this motion is enumerated as error.

"The statutory rape statute provides no conviction shall be had for this offense on the unsupported testimony of the child (OCGA § 16-6-3 (a)), but it is well settled that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt, but only that the corroborating evidence *tend* to establish his guilt and be of ' "such a character and quality as tends to prove the guilt of the accused by connecting him with the crime." ' [Cit.]" (Emphasis in original.) *Timmons v. State*, 182 Ga. App. 556, 557 (356 SE2d 523) (1987). Although at one point in the tape, appellant had denied having "had sex with" the victim, the tape otherwise contains admissions by appellant of his commission of unspecified sexual offenses against the victim. Thus, when viewed in its entirety, the tape is sufficient corroboration of the victim's testimony. *Dye v. State*, 205 Ga. App. 781 (423 SE2d 713) (1992); *Timmons v. State*, supra. " ' "Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass on its probative value." (Cits.)' [Cit.] . . . ' " 'It is only when the evidence demands a verdict of not guilty that it is error for the trial court to refuse a motion for a directed verdict of acquittal.' " (Cit.)' [Cits.] The jury was presented with sufficient evidence from which it could find appellant guilty beyond a reasonable doubt. [Cit.]" *Runion v. State*, 180 Ga. App. 440 (1) (349 SE2d 288) (1986).

3. Contrary to appellant's contention, corroboration of the victim's testimony is not necessary to support the conviction for incest. "The absence of any corroborative evidence is not a ground for reversing appellant's conviction. 'A conviction for incest may be based

upon the uncorroborated testimony of the prosecuting witness, if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. (Cits.)' [Cits.] After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial, proof of appellant's guilt of the crime of incest beyond a reasonable doubt. [Cit.]" *Hall v. State*, 186 Ga. App. 830 (1) (368 SE2d 787) (1988). See also *Richardson v. State*, 256 Ga. 746, 748 (7) (353 SE2d 342) (1987).

4. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal as to the aggravated sodomy and sodomy charges.

As to these charges, "we find that a fatal variance exists between the allegata and the probata. The indictment avers that appellant committed aggravated sodomy [and sodomy] in one manner and in one manner only, that is, '[an act involving the sex organs of the accused and the mouth of the victim]. . . .' At trial . . . the victim [did not indicate that appellant had done anything more than to *attempt* such an act]. Rather, the victim testified [to two acts involving the mouth of the accused and the sex organs of the victim]. . . . Accordingly, we find that there exists *insufficient* evidence . . . from which a rational trier of fact could conclude that appellant committed the offense[s] of aggravated sodomy [and sodomy] as averred." (Emphasis in original.) *Ross v. State*, 195 Ga. App. 624-625 (1b) (394 SE2d 418) (1990). It follows that the trial court erred in denying appellant's motion for directed verdict on the aggravated sodomy and sodomy charges.

5. Appellant enumerates as error the denial of his motion for directed verdict of acquittal as to the aggravated sexual battery charges. His contention is that there was no testimony that the victim's sexual organ had been penetrated, as required by OCGA § 16-6-22.2 (b). A review of the record shows, however, there is such testimony. It follows that this enumeration is without merit. See *Richie v. State*, 183 Ga. App. 248 (1) (358 SE2d 648) (1987).

6. The judgments of conviction for aggravated sodomy and sodomy are reversed. Remaining judgments of conviction are affirmed.

*Judgments affirmed in part and reversed in part. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED FEBRUARY 19, 1993 —

*Richard T. Bridges, Russell T. Bridges*, for appellant.
*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assis-*

*tant District Attorney*, for appellee.