## A99A2518. REECE v. THE STATE.
(527 SE2d 642)

MILLER, Judge.

A jury found Tyler Reece guilty of one count of statutory rape and two counts of child molestation. His sole assertion of error contends the evidence is insufficient to sustain his conviction for statutory rape, arguing the victim's outcry was inadequate to corroborate her in-court testimony implicating him. Proof that Reece contemporaneously bragged to another about having intercourse with the victim is sufficient to corroborate the victim's testimony and sustain the conviction. We affirm.

Upon reviewing the sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.[1]

Viewed in this light, the evidence showed that the victim, C. C., then 11 years of age, was babysitting a child at the home of her mother's employer. Around 11:00 p.m., Reece and J. N. entered the house through an unlocked door. C. C. knew J. N., but knew Reece only by sight. Once the two entered the home, C. C. took the child downstairs because she "thought it would be safer down there, and [she] didn't know what they were going to do." Both Reece and J. N. followed her downstairs, and J. N. took the child back upstairs to play games. While C. C. and Reece were alone downstairs, he picked her up forcefully and threw her on a couch, pulled her pants down, pulled her panties to her knees, and "stuck his penis in [her] vagina." C. C. told him to stop and screamed for J. N. to come help her, to no avail.

J. B., an ex-boyfriend of the victim's sister, testified Reece told him that he had sex with the victim. J. B. then informed C. C. that he knew about the rape and that she should tell her mother. The victim made an outcry to her mother about three weeks after the rape. Her mother testified that C. C. was upset and crying as she explained what happened.

Reece testified that he did not have sex with the victim and that he was out of town on the date of the incident, as did two other witnesses including his mother. But, "[i]t is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses."[2]

Reece contends that the evidence was insufficient to corroborate the victim's allegations of statutory rape. Although it is true that "no conviction shall be had for [statutory rape] on the unsupported testi-

---

[1] *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998).

[2] (Citations omitted.) Id.; see generally OCGA § 24-9-80.

mony of the victim,"[3] it is not necessary that the child be corroborated on every element of the crime, or that it establish the accused's guilt, but only that the corroborating evidence tends to establish that guilt.[4] Also, "[s]light circumstances may be sufficient corroboration[,] and ultimately the question of corroboration is one for the jury."[5]

The act of intercourse as testified to by the victim was corroborated by her outcry to her mother three weeks after the attack. Reece's admission to J. B. provided additional and substantial corroboration as "[t]he defendant is the most knowledgeable and unimpeachable source of information about his past conduct, and one can scarcely imagine evidence more damaging to his defense than his own admission of guilt."[6] In this case, proof that Reece bragged to J. B., admitting the act of intercourse, was sufficient corroboration under OCGA § 16-6-3.(a) and under the standard of *Jackson v. Virginia*[7] to authorize the jury's verdict that Reece was guilty, beyond a reasonable doubt, of the statutory rape alleged in Count 1 of the indictment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 2000.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-6-3 (a).

[4] *Legg v. State*, 207 Ga. App. 399, 400 (2) (428 SE2d 87) (1993); *Dye v. State*, 205 Ga. App. 781, 782 (2) (423 SE2d 713) (1992).

[5] (Citations and punctuation omitted.) Id.

[6] (Citations and punctuation omitted.) *Sawyer v. State*, 217 Ga. App. 406, 408 (1) (457 SE2d 685) (1995), overruled on other grounds, *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998).

[7] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).