**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 21, 2012**

# In the Court of Appeals of Georgia

A12A0928. SANCHEZ v. THE STATE.                                     JE-035C

ELLINGTON, Chief Judge.

A Gwinnett County jury found Roni Sanchez guilty beyond a reasonable doubt of two counts of statutory rape, OCGA § 16-6-3 (a); and two counts of child molestation, OCGA § 16-6-4 (a) (1). Following the denial of his motion for a new trial, Sanchez appeals, contending that the evidence was insufficient. For the reasons explained below, we affirm.

On appeal from a criminal conviction, the appellate court

view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to

resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Viewed in the light most favorable to the jury's verdict, the evidence shows the following. In the fall of 2006, during a family cookout, the 14-year-old victim lay down to nap and woke to find Sanchez, her 27-year-old cousin, touching her breasts. Over the next two years, Sanchez, who frequently visited the victim's home, molested the victim by touching her breasts on many separate occasions. Beginning soon after the first incident of molestation, Sanchez also had sexual intercourse with the victim on several occasions.

In May 2009, the victim revealed Sanchez's conduct first to a teacher and a school counselor and then to her parents. A sexual assault examination showed a healed tear to the victim's hymen and other indicators consistent with the victim's report of sexual intercourse.

At an investigator's request, the victim went to the police department and placed a telephone call to Sanchez, which was recorded, transcribed, and translated from Spanish into English. During that phone call, the victim told Sanchez that she

was pregnant. Acknowledging the sexual relationship going back to late 2006, Sanchez offered to stand by the victim and to support her financially.

At trial, the victim testified as to each incident. The jury also viewed an audiovisual recording of the forensic interview that took place after the victim's outcry and received the transcript of the telephone call between Sanchez and the victim. Sanchez testified at trial and, although he denied all the other incidents of molestation, admitted having sexual intercourse with the victim once when she was 16 years old.

1. Sanchez contends that the State failed to adduce any evidence to corroborate the victim's testimony as to the two counts of statutory rape, as required by OCGA § 16-6-3 (a).[1]

> [I]t is well settled[, however,] that it is not necessary that the child be corroborated as to every essential element of the crime, or that it establish the defendant's guilt[.] . . . Moreover, the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury.

---

[1] OCGA § 16-6-3 (a) ("[N]o conviction shall be had for [statutory rape] on the unsupported testimony of the victim.").

(Citations and punctuation omitted.) *Timmons v. State*, 182 Ga. App. 556, 557 (356 SE2d 523) (1987). In this case, the victim's testimony was corroborated, inter alia, by the medical evidence, by Sanchez's opportunity to commit the crimes as alleged, by the statements Sanchez made when the victim told him that she was pregnant, and by his testimony admitting one incident of sexual intercourse. See *Worley v. State*, 222 Ga. 319 (149 SE2d 682) (1966) (victim's testimony corroborated by her pregnancy and by the defendant's opportunity to commit the crime as alleged); *Hill v. State*, 295 Ga. App. 360, 361-362 (1) (671 SE2d 853) (2008) (victim's testimony corroborated by her prior consistent statement to a friend and by the defendant's admissions during a recorded telephone call); *Byars v. State*, 198 Ga. App. 793 (1) (403 SE2d 82) (1991) (victim's testimony corroborated by her pregnancy, by her prior consistent statement to her cousin, and by the defendant's opportunity to commit the crime as alleged); *Runion v. State*, 180 Ga. App. 440 (1) (349 SE2d 288) (1986) (victim's testimony corroborated by her prior consistent statement to a sexual assault examiner and by the defendant's admission of an act of molestation against the victim). Accordingly, the evidence was sufficient for a rational jury to find Sanchez guilty beyond a reasonable doubt of statutory rape.

2. Sanchez contends that the evidence was insufficient to sustain his conviction on Count 3 of the indictment, which charged that, between June 1, 2007, and August 31, 2007, he molested the victim by rubbing her breasts. Specifically, Sanchez points to the victim's testimony regarding one incident that took place in his car. Regardless whether the victim testified that Sanchez did not touch her breasts during that specific incident,[2] there was evidence that he touched her breasts on many occasions, including during the specified time period. Accordingly, this claim of error presents no basis for reversal. *Cook v. State*, 276 Ga. App. 803, 804-805 (1) (625 SE2d 83) (2005); *Wallace v. State*, 253 Ga. App. 220, 221 (1) (a) (558 SE2d 773) (2002).

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*

---

[2] In detail, the record shows that the victim described the incident as follows: en route to a video store with the victim, Sanchez parked in a secluded area, had the victim get out of the car, placed himself in the passenger seat, had the victim sit on his lap, attempted anal penetration, and stopped when the victim complained of the pain. The prosecutor asked, "*[A]t that point*, did he touch your breasts?" (Emphasis added.) The victim responded, "No."